*E-FILED - 3/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WHITT DEWANE ROBINSON, | ) | No. C 06-6960 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND DENYING REQUEST TO LIFT STAY AS MOOT; ORDER TO SHOW CAUSE |
| vs. | ) ) ) ) ) | |
| TOM L. CAREY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 7, 10) |

Petitioner, a state prisoner proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court initially granted petitioner's motion to proceed in forma pauperis and denied petitioner's motion to stay the instant petition without prejudice in order for petitioner to address the factors set forth below in <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005). Petitioner filed a second motion to stay the instant petition while he exhausted additional claims in state court. Thereafter, petitioner filed a request to lift the stay and an amended petition containing all of his exhausted claims. The court DENIES petitioner's renewed motion to stay (docket no. 7) and request to lift the stay (docket no. 10) as moot.

Order Denying Petitioner's Motion to Hold Petition in Abeyance and Denying Request to Lift Stay as Moot; Order to Show Cause
P:\pro-se\sj.rmw\hc.06\Robinson960denstay           1

The court orders respondent to show cause why the amended petition should not be granted.

## DISCUSSION

A.  Petitioner's Renewed Motion to Stay and Request to Lift Stay

Petitioner has filed a renewed motion to hold his petition in abeyance while he returns to state court to exhaust his additional claims.  Thereafter, petitioner filed a request to lift the stay and an amended petition containing all of his exhausted claims. Because petitioner has now exhausted his additional claims and filed an amended petition, petitioner's renewed motion to stay (docket no. 7) and request to lift the stay (docket no. 10) are DENIED as moot.

B.  The Merits

**1.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**2.  Petitioner's Claims**

As grounds for federal habeas relief, petitioner asserts: (1) ineffective assistance of trial counsel in counsel's failure to move to suppress evidence seized during an unlawful detention; and (2) ineffective assistance of appellate counsel in counsel's failure to raise two meritorious arguments attacking his sentence under the "three strikes" sentencing scheme.  Liberally construed, petitioner's claims are cognizable.  The court will require respondent to show cause why the amended petition should not be granted.

///

**CONCLUSION**

1. Petitioner's motion to hold the instant petition in abeyance (docket no. 7) and request to lift the stay (docket no. 10) are DENIED as moot.

2. The clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (docket no. 9) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state trial proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the issuance of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.

///

1  Petitioner must keep the court and all parties informed of any change of address by filing
2  a separate paper captioned "Notice of Change of Address." Petitioner must comply with
3  the court's orders in a timely fashion. Failure to do so may result in the dismissal of this
4  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5      IT IS SO ORDERED.

6  Dated: 3/19/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge