1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***E-FILED - 9/30/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WHITT DEWANE ROBINSON,                    )     No. C 06-06960 RMW (PR)
                                          )
                         Petitioner,      )     ORDER GRANTING RESPONDENT'S
          vs.                             )     MOTION TO DISMISS; DENYING
                                          )     PETITIONER'S REQUEST FOR
                                          )     APPOINTMENT OF COUNSEL
                                          )
TOM L. CAREY, Warden,                     )     (Docket Nos. 17, 32)
                                          )
                         Respondent.      )
_____ )

     Petitioner, a California prisoner proceeding pro se, filed a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the

petition should not be granted.  Respondent moved to dismiss the petition as untimely.

Petitioner opposed the motion and requested appointment of counsel.  Respondent filed a

reply in support of this motion to dismiss.  Having reviewed the papers and the underlying

record, the court will DISMISS the instant petition and DENY appointment of counsel.

                                    **BACKGROUND**

     On November 2, 2000, petitioner was sentenced to twenty-seven years to life for a

drug possession conviction, which included enhancements for three prior serious felony

convictions and two prior prison terms.  (Resp't Mot. at 2.)  Petitioner exhausted his

Order Granting Respondent's Motion to Dismiss and Denying Petitioner's Request for Appointment of Counsel
G:\PROSEEX1\J Murai\Robinson_order.wpd

1

1    direct appeals on December 11, 2002.  (Resp't Mot. Ex. B.)

2    On November 25, 2003, petitioner filed a petition for writ of habeas corpus in

3    Santa Clara County Superior Court, which was denied on August 11, 2005.  (Resp't Mot.

4    at 2 & Ex. C.)  On January 23, 2006, petitioner filed a petition for writ of habeas corpus in

5    the California Court of Appeal, which was denied on February 1, 2006.  (Resp't Mot. Ex.

6    D.)  On February 27, 2006, petitioner filed a petition for writ of habeas corpus in the

7    California Supreme Court, which was denied on October 18, 2006.  (Resp't Mot. Ex. E.)

8    The court cited In re Robbins, 18 Cal.4th 770, 780 (1998), in its denial.  (Id.)

9    On November 11, 2006, petitioner filed a petition for writ of habeas corpus in this

10   Court.[1]  On April 17, 2009, petitioner requested appointment of counsel, maintaining that

11   he is unable to properly litigate this case due to a medical condition.  (Pet. Opp. at 2.)

**DISCUSSION**

13   I.    Timeliness

14   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates

15   a one-year statute of limitations for petitioners seeking to file a federal petition for writ of

16   habeas corpus.  28 U.S.C. § 2244(d)(1).  Petitions filed by prisoners challenging non-

17   capital state convictions or sentences must be filed within one year of the latest of the date

18   on which:  (1) the judgment became final after the conclusion of direct review or the time

19   passed for seeking direct review; (2) an impediment to filing an application created by

20   unconstitutional state action was removed, if such action prevented petitioner from filing;

21   (3) the constitutional right asserted was recognized by the Supreme Court, if the right was

22   newly recognized by the Supreme Court and made retroactive to cases on collateral

23   review; or (4) the factual predicate of the claim could have been discovered through the

---

25   [1] On December 14, 2007, petitioner filed an amended petition pursuant to 28 U.S.C. §
26   2254.  The issue of whether the amended petition relates back to the original petition for
27   timeliness purposes is moot because the limitations period had already expired well
     before the original petition was filed.

1   exercise of due diligence.  <u>Id.</u>  Time during which a properly filed application for state

2   post-conviction or other collateral review is pending is excluded from the one-year time

3   limit.  <u>Id.</u> § 2244(d)(2).

4        Petitioner's limitations period began running on the date that petitioner's direct

5   review became final plus the 90 day period defined by Supreme Court Rule 13 during

6   which a petitioner can petition for a writ of certiorari from the United States Supreme

7   Court, that is on March 11, 2003.  Absent any applicable tolling, petitioner had one year,

8   or until March 11, 2004, within which to file his federal petition for writ of habeas corpus.

9   Here, the federal habeas petition was filed on November 11, 2006, over two and a half

10  years after the expiration of the statute of limitations.  Therefore, unless petitioner is

11  entitled to any statutory or equitable tolling, his petition must be dismissed as untimely.

12       A.    <u>Statutory tolling</u>

13       The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

14  which a properly filed application for State post-conviction or other collateral review with

15  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An

16  application for collateral review is "pending" in state court "as long as the ordinary state

17  collateral review process is 'in continuance' – <u>i.e.</u>, 'until the completion of' that process."

18  <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002).  "In other words, until the application has

19  achieved final resolution through the State's post-conviction procedures, by definition it

20  remains 'pending.'"  <u>Id.</u> at 220.

21       In California, the supreme court, intermediate courts of appeal, and superior courts

22  all have original habeas corpus jurisdiction.  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 n.2 (9th

23  Cir. 1999).  Although a superior court order denying habeas corpus relief is non-

24  appealable, a state prisoner may file a new habeas corpus petition in the court of appeal.

25  <u>Id.</u>  If the court of appeal denies relief, the petitioner may seek review in the California

26  Supreme Court by way of a petition for review, or may instead file an original habeas

27  petition in the supreme court.  <u>Id.</u> at 1006 n.3.

28

Order Granting Respondent's Motion to Dismiss and Denying Petitioner's Request for Appointment of Counsel
G:\PROSEEX1\J Murai\Robinson_order.wpd

1    In this case, petitioner waited over eight months (258 days) after the AEDPA clock

2  began running before filing a state habeas petition in the superior court.  Since "AEDPA's

3  statute of limitations is not tolled from the time a final decision is issued on direct appeal

4  and the time the first collateral challenge is filed," the 258 days is not subject to tolling.

5  Id. at 1006.

6    Since tolling applies during collateral review, the AEDPA limitations period was

7  tolled during the 625 days the superior court reviewed the habeas petition, before

8  ultimately denying it.  Approximately five and a half months later (165 days), petitioner

9  filed a second habeas petition in the state appellate court.  The time between a lower court

10  decision and a filing of a new petition in a higher court is treated as time the petition is

11  "pending" pursuant to § 2244(d)(2) as long as the petitioner did not "unreasonably delay"

12  in seeking review.  Saffold, 536 U.S. at 221-23.  Thus, the determination must be made

13  whether 165 days is considered a "reasonable time" to file a habeas petition.

14    1.    State Court Finding of Unreasonable Delay

15    If the state court clearly rules that a petitioner's delay was "unreasonable," that is

16  the end of the matter, regardless of whether it also addresses the merits of the claims, or

17  whether its timeliness ruling is "entangled" with the merits.  Saffold, 536 U.S. at 226.  In

18  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), the Supreme Court held that "[b]ecause

19  the state court rejected petitioner's [post-conviction] petition as untimely, it was not

20  'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."  A

21  California court's citation of In re Robbins, 18 Cal. 4th 770, 780 (1998),[2] is a clear ruling

22  that the petition was untimely.  Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)

23  (denial of petition with citation to Robbins was clear denial on timeliness grounds, and

24  therefore, petition was neither "properly filed" nor "pending").  In this case, twenty-six

26  [2] In Robbins, the California Supreme Court held that a habeas petition is not entitled to
27  a presumption of timeliness if it is filed more than 90 days after the final due date for the
filing of appellant's reply brief on the direct appeal.  Id.

1   days after the state appellate court denied petitioner's petition, petitioner filed a habeas

2   petition in the state supreme court, which denied it citing <u>Robbins</u>.  Therefore, that

3   petition was neither "properly filed" nor "pending."

4          However, like in <u>Thorson</u>, it is not clear from the Supreme Court's order denying

5   petitioner's habeas petition just which filing delay the court deemed untimely.  <u>See</u> <u>id.</u> at

6   645.  Since there was only a twenty-six day delay between the denial of the petition by the

7   appellate court and filing in the Supreme Court, the period most likely deemed excessive

8   by the Supreme Court is the 165 days between denial of the petition by the superior court

9   and filing of the petition in the appellate court.  If so, then the AEDPA statute of

10  limitations clearly expired because petitioner would not have been entitled to tolling

11  during the 165 days or any time thereafter.  <u>See</u> <u>Bonner v. Carey</u>, 425 F.3d, 1145 1149

12  (9th Cir. 2005) (stating that under <u>Pace</u>, if a state court denies a petition as untimely, none

13  of the time before or during the court's consideration of that petition is statutorily tolled).

14  Therefore, the length of time between the denial of the initial state petition (August 11,

15  2005) and the filing of the federal habeas petition (November 11, 2006) was 457 days.

16  Adding the 258 days preceding the initial petition results in 715 days of untolled time,

17  clearly exceeding the one year limitations period by a substantial margin.

18         Even if the Supreme Court's ruling of untimeliness applied to the twenty-six day

19  delay between the denial of the petition by the appellate court and the filing of the petition

20  in the Supreme Court, petitioner's habeas petition was not "properly filed" and therefore

21  the period of Supreme Court review was not subject to tolling.  Accordingly, the AEDPA

22  clock would have begun to run again on the date the appellate court denied the second

23  petition and would not have stopped until petitioner filed his federal habeas petition.  <u>See</u>

24  <u>Bonner v. Carey</u>, 425 F.3d, 1145 1149 (9th Cir. 2005).  The length of time from the denial

25  by the appellate court (February 1, 2006) to the filing of the federal habeas petition

26  (November 11, 2006) was 283 days.  Adding the 258 days preceding the initial petition

27  results in 541 days of untolled time, which also substantially exceeds the one year

28

1    limitations period.

2         2.    Independent Finding of Unreasonable Delay

3         Although the California Supreme Court clearly ruled, by citing <u>Robbins</u>, that the

4    state habeas petition was untimely, an independent determination by this court also

5    demonstrates that the 165 day delay between the denial of the petition by the superior

6    court and the filing of the petition in the appellate court was unreasonable, and therefore

7    not subject to tolling.

8         Unlike other states, California does not have a determinate time period during

9    which to file a timely petition, instead it applies a general "reasonableness" standard.

10   <u>Saffold</u>, 536 U.S. at 222.  When California courts do not expressly dismiss a habeas

11   petition for lack of timeliness, it is the duty of the federal court to determine whether the

12   state habeas petition was filed within a "reasonable" period of time.  <u>Evans v. Chavis</u>, 546

13   U.S. 189, 198 (2006).

14        In <u>Evans</u>, the Supreme Court found that a six-month delay in filing was

15   unreasonable, because it was substantially longer than the 30 to 60 day limit that most

16   states provide to timely file a petition at the next appellate level.  <u>Id.</u> at 198, 201.  After

17   <u>Evans</u>, federal district courts in California were charged with the duty of determining

18   whether, under California's "reasonable time" standard, a petitioner's delay in filing a

19   state petition was reasonable.  Although the cases are not entirely consistent, "a consensus

20   appears to be emerging in California that any delay of sixty days or less is per se

21   reasonable, but that any delay 'substantially' longer than sixty days is not reasonable."

22   <u>Storie v. Kramer</u>, No. 1:06-cv-01796-AWI-TAG HC, 2009 WL 306705, at *5 (E.D. Cal.

23   Feb. 6, 2009) (citing <u>Culver v. Director of Corrections</u>, 450 F. Supp. 2d 1135, 1140-41

24   (C.D. Cal. 2006) (delays of 97 and 71 days unreasonable);  <u>Hunt v. Felker</u>, No. 1:07-cv-

25   01281-OWW-TAG HC, 2008 WL 364995, at *4 (E.D. Cal. Feb. 8, 2008) (70 day delay

26   unreasonable);  <u>Livermore v. Watson</u>, 556 F. Supp. 2d 1112, 1117 (E.D. Cal. 2008) (78

27   day delay unreasonable)).

28

1      In the present case, petitioner delayed 165 days between denial of the petition in

2  the superior court and filing of the petition in the appellate court, a period of time well

3  over what courts within the Ninth Circuit have found unreasonable.  Thus, petitioner

4  would not be entitled to statutory tolling for this period, and his AEDPA clock would

5  have run out 107 days into this time period on November 26, 2005.

6      B.      Equitable tolling

7      Petitioner argues that he is entitled to equitable tolling based on a physical

8  disability, specifically fibrodysplasia of the skull, which he claims was diagnosed in

9  March 2000, and operated on in November 2008.  (Pet. Opp. at 1-2.)

10      The Ninth Circuit has held that the one-year AEDPA limitations period can be

11  equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.

12  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

13  overruled in part on other grounds by Calderon v. United States District Court (Kelly),

14  163 F.3d 530 (9th Cir. 1998) (en banc).  However, "[e]quitable tolling will not be

15  available in most cases, as extensions of time will only be granted if 'extraordinary

16  circumstances' beyond a prisoner's control make it impossible to file a petition on time."

17  Id.  Generally, courts have held that equitable tolling of the AEDPA limitations period is

18  available for physical incapacities when the petitioner establishes that his medical

19  problems render the petitioner unable to pursue his or her legal rights during the relevant

20  period.  See Smith v. Adams, No. CVF026124OWWLJOHC, 2005 WL 1335236, at *5-6

21  (E.D. Cal. June 1, 2005).

22      Whether a prisoner has been able to file a prior state habeas petition is a factor in

23  determining whether his AEDPA limitations period could equitably be tolled.  See Gaston

24  v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  In Gaston, the petitioner argued that

25  his mental and physical disabilities constituted an "extraordinary circumstance" that left

26  him incapable of filing a petition on time.  Id. at 1034.  The court found that the petitioner

27  had been capable of filing two state habeas petitions two years apart in 1995 and 1997,

28

Order Granting Respondent's Motion to Dismiss and Denying Petitioner's Request for Appointment of Counsel
G:\PROSEEX1\J Murai\Robinson_order.wpd

1   and that there was no evidence that his physical or mental condition was significantly

2   worse prior to 1995 or after 1997, therefore his condition did not prevent him from

3   preparing and filing a federal petition during the time between those dates. Id. at 1034-

4   35.

5         In the present case, petitioner claims that he was diagnosed with fibrodysplasia of

6   the skull in March 2000.  Petitioner bears the burden of showing that the "extraordinary

7   exclusion" should apply to him, Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002),

8   yet he did not submit any evidence to support his claim that he was diagnosed with

9   fibrodysplasia in 2000, or how it impaired his ability to file a petition.  Moreover,

10  petitioner's alleged disability did not prevent him from filing state habeas petitions in

11  2003 and 2006.  Because his limitations period expired in 2005, petitioner had the burden

12  of proving that there was a significant change in his condition that prevented him from

13  filing between those dates.  See Gaston, 417 F.3d at 1034-35.  Petitioner has failed to

14  provide sufficient detailed factual or evidentiary support for his claim of entitlement to

15  equitable tolling due to his medical condition.  Furthermore, although petitioner did

16  submit documentation regarding his surgery in 2008, the surgery occurred well after the

17  period during which he delayed filing.  Thus, the court finds that petitioner has failed to

18  carry the burden of showing that the "extraordinary exclusion" of equitable tolling should

19  apply to him.

20  II.   Request for Counsel

21        The Sixth Amendment's right to counsel does not apply in habeas corpus actions.

22  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  18 U.S.C. § 3006A(a)(2)(B)

23  authorizes appointment of counsel to represent a habeas petitioner whenever "the court

24  determines that the interests of justice so require and such person is financially unable to

25  obtain representation."  The decision to appoint counsel is within the discretion of the

26  district court.  Id.

27        This court concludes that the interests of justice do not require appointment of

28

Order Granting Respondent's Motion to Dismiss and Denying Petitioner's Request for Appointment of Counsel
G:\PROSEEX1\J Murai\Robinson_order.wpd

1    counsel.  Petitioner has presented his claims adequately in the petition and in his

2    opposition to the motion to dismiss.  The issues in the motion are mostly factual ones, and

3    those issues are not particularly complex.

4                                                **CONCLUSION**

5           For the reasons explained above, respondent's motion to dismiss the petition

6    (docket no. 17) is GRANTED, and petitioner's request for appointment of counsel

7    (docket no. 32) is DENIED.  The instant petition is DISMISSED.  The clerk shall

8    terminate all pending motions and close the file.

9           IT IS SO ORDERED.

10

11   DATED: ___9/30/09_____

12                                              RONALD M. WHYTE
                                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Respondent's Motion to Dismiss and Denying Petitioner's Request for Appointment of Counsel
G:\PROSEEX1\J Murai\Robinson_order.wpd